IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JULIE MORGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:22–cv–57–HEH |
| | ) |
| JAMES O. BROCCOLETTI, and | ) |
| ZOBY & BROCCOLETTI, P.C., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION
### (Granting Defendants' Motion to Dismiss with Leave to Amend)

THIS MATTER is before the Court on James O. Broccoletti ("Broccoletti") and Zoby & Broccoletti, P.C.'s (the "firm" and collectively, "Defendants") Motion to Dismiss (the "Motion"), filed on February 28, 2022. (ECF No. 7.) Plaintiff Julie Morgan (*pro se* "Plaintiff") filed her Complaint alleging three claims, each in connection with Defendants' legal representation of Plaintiff's brother. (Compl., ECF No. 1.) In the Motion, Defendants assert that the Complaint fails to state a claim upon which relief can be granted, and therefore, all counts should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. at 1, ECF No. 7.) The parties have submitted memoranda in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions have been adequately presented to the Court, and oral argument would not aid in the decisional process. *See* E.D. Va. Local

Civ. Rule 7(J). For the reasons that follow, the Court will grant Defendants' Motion and dismiss Plaintiff's Complaint without prejudice.

## I. STANDARD OF REVIEW

A Rule 12(b)(6) motion "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). "A complaint need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (alteration in original) (quoting *Tobey*, 706 F.3d at 387). However, a "complaint must provide 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Turner v. Thomas*, 930 F.3d 640, 644 (4th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Allegations have facial plausibility 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Tobey*, 706 F.3d at 386 (quoting *Iqbal*, 556 U.S. at 679). A court, however, "need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *Turner*, 930 F.3d at 644 (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)). In considering such a motion, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). Legal conclusions enjoy no such deference. *Iqbal*, 556 U.S. at 678.

Additionally, it is well established that district courts must liberally construe a *pro se* litigant's complaint.[1] *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). Courts, however, need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* Nor does the requirement of liberal construction excuse a clear failure in the pleadings to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). As the United States Court of Appeals for the Fourth Circuit explained in *Beaudett v. City of Hampton*, "[t]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." 775 F.2d 1274, 1276 (4th Cir. 1985).

## III. DISCUSSION

On May 8, 2019, Plaintiff's brother was arrested and charged with armed burglary with intent to murder and attempted malicious wounding in the Circuit Court for the City of Chesapeake, Virginia. (Compl. ¶¶ 22–23.) In January 2020, Plaintiff sought new counsel for her brother's defense, so she contacted Defendants. (*Id.* ¶ 37.) After speaking with one of the firm's employees, Plaintiff decided to hire Defendants to represent her brother. (*Id.*) On January 31, 2020, Plaintiff made a payment of $10,000 to retain Defendants. (*Id.*)

---

[1] Defendants also filed a "Motion to Determine Pro Se Status" in which they alleged that Plaintiff may have had an attorney "ghostwrite" her complaint. (ECF No. 9.) Because the Court is dismissing the Complaint, it will deny this motion as moot. However, the Court reminds Plaintiff of the Rule 83.1 Certification that she signed and warns attorneys that ghostwriting for a *pro se* plaintiff is not tolerated in courts within this district. *Laremont-Lopez v. Se. Tidewater Opportunity Ctr.*, 968 F. Supp. 1075, 1080 (E.D. Va. 1997), *aff'd*, 172 F.3d 44 (4th Cir. 1999); *Chaplin v. Du Pont Advance Fiber Sys.*, 202 F. Supp. 2d 766, 773 (E.D. Va. 2004).

3

Thereafter, communications between Plaintiff and Defendants regarding representation of Plaintiff's brother broke down and led Plaintiff to file this Complaint. (*Id.* ¶¶ 7–18.) Plaintiff alleges three claims against Defendants: Fraud; Intentional Infliction of Emotional Distress ("IIED"); and Negligent Infliction of Emotional Distress ("NIED"). (*Id.* ¶¶ 81–108.)

Count One of Plaintiff's Complaint alleges fraud. (*Id.* ¶¶ 14–16.) It is not entirely clear whether Plaintiff is alleging actual fraud or fraud in the inducement, however, Defendants assert that Plaintiff fails to allege facts sufficient to raise her conclusory claims beyond the level of speculation regardless of which avenue she attempts to take. The elements of fraud in the inducement are: "[(1)] misrepresentations that were positive statements of fact, made for the purpose of procuring the contract; [(2)] that they are untrue; [(3)] that they are material; and [(4)] that the party to whom they were made relied upon them, and was induced by them to enter into the contract." *Enomoto v. Space Adventures, Ltd.*, 624 F. Supp. 2d 443, 452 (E.D. Va. 2009) (quoting *Lucas v. Thompson*, 61 Va. Cir. 44, 48 (Va. Cir. Ct. 2003)) (internal quotation marks omitted).

First, Plaintiff cites to three of Broccoletti's statements that were relayed to her by an employee of the firm: (1) Broccoletti had met with another member of Plaintiff's family previously; (2) Broccoletti "had looked up and seen the charges which Plaintiff had expressed outrage about[;]"[2] and (3) "Broccoletti had said, '[i]f she's doing that now,

---

[2] Plaintiff takes issue with the fact that there is a "rape indictment" against her brother. (Compl. ¶ 43.) Plaintiff's brother was indicted for felony burglary, which occurs when a defendant breaks and enters a dwelling during the daytime or enters without breaking at night, with the intent to "commit murder, rape, or robbery while armed with a deadly weapon." (State

4

that's wrong.'" (Compl. ¶ 38.) This last statement, alleging that someone is doing something wrong, is clearly not a factual statement but rather an opinion on how an individual is mishandling a situation. Thus, that statement cannot be the basis of a fraud claim. *See Enomoto*, 624 F. Supp. 2d at 454.

While the other two statements are statements of present fact, Plaintiff does not allege any facts to support the notion that they were misrepresentations *or* that they were made for the purpose of inducing Plaintiff into a contract. *See Enomoto*, 624 F. Supp. 2d at 452. The only facts Plaintiff provides regarding these alleged "misrepresentations" is that Broccoletti later denied the statements and shouted at her on the phone. (Compl. ¶ 41.) Even assuming these were misrepresentations, there are no facts supporting that Broccoletti, or the firm's employee, specifically made these false statements in order to procure Plaintiff's payment. Plaintiff includes a number of other facts in her Complaint, but none of them demonstrate that Defendants made any misrepresentations to induce Plaintiff to hire them. (Compl. ¶¶ 42–80.)

Further, Plaintiff has not alleged any facts which show, beyond a speculative level, that the alleged misrepresentations were material and actually induced Plaintiff to hire Defendants. Plaintiff states that "based on the information [from the phone call], and on Defendant's prominent high reputation . . . Plaintiff decided to pay Defendant." (Compl.

---

Indictment, ECF No. 1-3.) Plaintiff takes issue with the term "rape" in the indictment and the fact that the online Virginia Courts Case Information System lists her brother's charge as "armed burgl[ary] ent[er] house to rape." (ECF No. 1-2.) The Court does not know all the details of the state case, but Broccoletti purporting to have looked up the charges does not seem like a misrepresentation nor, if it was false, does it seem material to Plaintiff's decision to hire Defendants considering this is a public record.

5

¶ 39.) However, she provided no facts to indicate that this information was *actually* material or that the employee's statements, as opposed to Defendants' impressive reputation, were really what induced her to pay. Merely couching legal conclusions like this as facts, without providing further factual support, is not enough to survive a Rule 12(b)(6) motion. *Turner*, 930 F.3d at 644. Consequently, Plaintiff has failed to allege facts sufficient to allow this Court to "draw the reasonable inference that the defendant is liable for the [fraudulent] misconduct alleged." *Tobey*, 706 F.3d at 386 (quoting *Iqbal*, 556 U.S. at 679).[3] Therefore, Count One will be dismissed.

Plaintiff's second cause of action is for IIED. In Virginia, the elements of intentional infliction of emotional distress are "[(1)] the wrongdoer's conduct is intentional or reckless; [(2)] the conduct is outrageous and intolerable; [(3)] the alleged wrongful conduct and emotional distress are causally connected; and, [(4)] the distress is severe." *Perk v. Worden*, 475 F. Supp. 2d 565, 570 (E.D. Va. 2007) (quoting *Russo v. White*, 400 S.E.2d 160, 162 (Va. 1991)).

To satisfy the "outrageous and intolerable" element, a plaintiff must show that the action was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Russo*, 400 S.E.2d at 162; *Daniczek v. Spencer*, 156 F. Supp. 3d

---

[3] Similarly, actual fraud under Virginia law requires a plaintiff to show "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *Enomoto*, 624 F. Supp. 2d at 452 (quoting *State Farm Mut. Auto. Ins. Co. v. Remley*, 618 S.E.2d 316, 321 (Va. 2005)). Plaintiff's insufficient factual allegations fail for the same reasons as fraud in the inducement, so the Court need not belabor both.

6

739, 760 (E.D. Va. 2016). "Insensitive and demeaning conduct does not equate to outrageous behavior." *Harris v. Kreutzer*, 624 S.E.2d 24, 34 (Va. 2006). Consequently, "verbal abuse[] does not rise to the level of extreme or outrageous conduct required to state a claim for [IIED]." *See Perk*, 475 F. Supp. 2d at 570 (finding that, where a case involves *more* than just abusive language, the question whether the conduct was outrageous is left for the jury).

Plaintiff alleges that Broccoletti yelled at her over the phone, did not provide sufficient representation for her brother, and that he committed intentional fraud.[4] (Compl. ¶¶ 53–78.) As a result, Plaintiff claims she suffers from severe emotional distress, panic attacks, depression, confusion, anxiety, chronic worrying, nightmares, and insomnia. (Compl. ¶¶ 93–97.) However, as stated above, Plaintiff does not plead sufficient facts for a claim of fraud, and verbal abuse is not enough to state a claim for IIED. *See Perk*, 475 F. Supp. 2d. at 570. Defendants' actions, even when taking all of Plaintiff's allegations as true, are not "beyond all possible bounds of decency." *Russo*, 400 S.E.2d at 162; *Daniczek*, 156 F. Supp. 3d at 760. Additionally, while Plaintiff alleges that Defendants' actions caused her emotional distress, she has not provided sufficient facts to actually support this conclusion. Thus, Count Two will be dismissed.

---

[4] In fact, much of the factual allegations stem from Defendants' representation of Plaintiff's brother and how Plaintiff was dissatisfied with the representation. (Compl. ¶¶ 53–78.) However, as Virginia Rule of Professional Conduct Rule 5.4 states, "a lawyer shall not permit a person who . . . pays the lawyer to . . . regulate the lawyer's professional judgment in rendering such legal services." Thus, although Plaintiff was the one who paid Defendants, she was not the client and Defendants did not owe her the same duty owed to the client, her brother. This does not, by itself, block Plaintiff's claims but it is important context.

Plaintiff's final cause of action is for NIED. (Compl. ¶¶ 102–08.) The Supreme Court of Virginia has said that "where conduct is merely negligent . . . and physical impact is lacking, there can be no recovery for emotional disturbance alone." *Dao v. Faustin*, 402 F. Supp. 3d 308, 321 (E.D. Va. 2019) (quoting *Hughes v. Moore*, 197 S.E.2d 214, 219 (Va. 1973)). Therefore, a "plaintiff must show that he or she suffered a 'physical injury' and that the 'physical injury was the natural result of fright or shock proximately caused by the defendant's negligence.'" *Id.* Further, symptoms of emotional distress are not sufficient "physical injur[ies]" for an NIED claim. *Id.* (quoting *Myseros v. Sissler*, 387 S.E.2d 463, 465 (Va. 1990)). The plaintiff must allege physical injuries that are separate and distinct from symptoms caused by emotional distress. *Id.*

Similar to her other two claims, Plaintiff fails to allege sufficient facts to raise her claim beyond the speculative level. First, Plaintiff does not allege any facts to indicate that she suffered any physical injury separate from the emotional distress she claims to have suffered. She states that "Defendant negligently engaged in certain acts as alleged herein and above, which proximately resulted in injury and emotional distress to Plaintiff." (Compl. ¶ 103.) She then states that she has suffered a number of damages including lost wages, and various conditions that would be considered typical symptoms of emotional distress. (Compl. ¶¶ 105–06); *see Dao*, 402 F. Supp. 3d at 321. Further, like with her claim for IIED, Plaintiff has failed to sufficiently show that her symptoms are the result of Defendant Broccoletti's actions. Hence, Count Three should also be dismissed.

8

While the Court sympathizes with Plaintiff's situation, specifically watching her brother face serious criminal charges, Plaintiff has simply not alleged facts sufficient to show that Defendants are liable for the alleged misconduct. *See Tobey*, 706 F.3d at 644. Plaintiff frames many legal conclusions as fact in her Complaint, however, she fails to actually provide the necessary factual support to raise her claims beyond the speculative level. *Turner*, 930 F.3d at 644. Even drawing all reasonable inferences in Plaintiff's favor, the Court does not believe that the Complaint states a plausible claim for relief. *Ray*, 948 F.3d at 226; *Iqbal*, 556 U.S. at 678.

### III. CONCLUSION

The Court finds that Plaintiff has not pled facts sufficient to support any of her claims and, therefore, does not state a claim for relief. Thus, the Court will grant Defendants' Motion and will dismiss the Complaint without prejudice. The Court, however, believes Plaintiff deserves one last attempt to amplify the factual and legal bases upon which her claim rests. Therefore, the Court will grant Plaintiff leave to file an amended complaint within thirty days of the entry of this Memorandum Opinion and Order. Failure to do so may result in dismissal of this case with prejudice.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: May 2, 2022
Richmond, Virginia

9